Filed 11/23/20  P. v. Burts CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B305253 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.NA028308) |
| v. | |
| TONY DARNELL BURTS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Dismissed.

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**INTRODUCTION**

Appellant Tony Darnell Burts was convicted of second degree robbery in July 1996. (Pen. Code, § 211.[1])  Two 1988 convictions for burglary were found to be strikes under the Three Strikes law.  (§§ 667, subds. (b)-(j), 1170.12.)  The court sentenced Burts to a term of 35 years to life.

In January 2020, Burts filed a motion to vacate his sentence under section 1016.8, which became effective January 1, 2020.  Section 1016.8 states that a plea bargain may not require a defendant to waive "unknown future benefits" under the law, and if it does so, it may be deemed void.  (§ 1016.8, subds. (a)(4), (b).).  Burts asserted that his two strike convictions were based on plea bargains, so he was entitled to relief under section 1016.8.  The trial court denied the motion, finding that section 1016.8 did not apply retroactively to final cases, and that Burts's case became final in 1997.  Burts filed a timely notice of appeal.

On appeal, Burts's appointed counsel filed a brief requesting that we independently review the record for error. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We directed counsel to send the record and a copy of the brief to Burts, and notified him of his right to respond within 30 days.  We have received no response.

**DISCUSSION**

We dismiss the appeal because appellant is not entitled to *Wende* review.  "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40

---

[1]All further statutory references are to the Penal Code.

Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *Wende, supra*, 25 Cal.3d 436.)  A defendant is not entitled to such review "in subsequent appeals." (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.)  As this is an appeal from a motion for postjudgment relief, not a first appeal as a matter of right, appellant is not entitled to *Wende* review.  (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278.)  Because neither appellant nor his counsel has raised any claims of error, we dismiss the appeal as abandoned.  (See *ibid*.; *People v. Serrano, supra*, 211 Cal.App.4th at pp. 503-504; *People v. Kisling, supra*, 239 Cal.App.4th at p. 292 & fn. 3.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.

3